Andre Roger **GILBERT**, Petitioner,

v.

**Ward E. MURPHY, acting Warden, Maine State Prison and the State of Maine, Respondents.**

Misc. No. 76–8057.

United States Court of Appeals, First Circuit.

Submitted June 25, 1976.

Decided July 23, 1976.

**1024**

Andre Roger Gilbert, pro se upon application and memorandum in support thereof.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Petitioner was convicted of murder by a jury in the Kennebec County, Maine, Superior Court on June 21, 1951. He seeks a habeas corpus relief on the grounds that the trial judge's instructions to the jury improperly placed upon him the burden of proving that he acted in the heat of passion on sudden adequate provocation to reduce the offense to manslaughter. *See Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 881, 44 L.Ed.2d 508 (1975). Petitioner filed a petition for state post-conviction relief on July 9, 1975, and that petition is still pending. On April 13, 1976, petitioner filed a petition for federal habeas corpus in the District of Maine. By order dated May 26, 1976, the district court denied the petition on the grounds that petitioner had failed to exhaust available state remedies as required by 28 U.S.C. § 2254(b), (c); petitioner's application for a certificate of probable cause was denied on June 7, 1976. Petitioner appeals.

Petitioner argues that he need not exhaust his state remedies since to do so would be futile. He asserts that the same issue he presents has been recently decided by the Maine Supreme Judicial Court adversely to his position. *See Walsh v. Picard*, 446 F.2d 1209, 1210 n. 2 (1st Cir. 1971), *cert. denied*, 407 U.S. 921, 92 S.Ct. 2465, 32 L.Ed.2d 807 (1972).

Petitioner's claim on the merits is that the trial judge's instruction on the burden of proof on manslaughter did not satisfy the requirements of *Mullaney v. Wilbur, supra* (due process requires that the prosecution bear the burden of persuasion on the absence of heat of passion). The Supreme Court in *Wilbur*, however, stated that they did not intend to affect state rules requiring that the defendant introduce "some evidence" of heat of passion before the prosecution is required to prove its absence, *id.*, 421 U.S. at 701–02 n. 28, 95 S.Ct. 881, that is, the state must bear the burden of persuasion, but may impose on defendant the burden of production. The Maine court has considered this issue and followed *Wilbur*. In State v. Stackpole, 349 A.2d 185 (Me. 1975), the trial judge, in a pre-*Wilbur* trial, had given the old instruction that the defendant must prove heat of passion. On appeal, post-*Wilbur*, the Maine Supreme Judicial Court held that this was erroneous under *Wilbur*, but that the error was harmless: since there was insufficient evidence to satisfy defendant's burden to introduce "some evidence" of provocation, no manslaughter instruction at all was warranted.

In *State v. Inman*, 350 A.2d 582 (Me.1976), the Maine Supreme Judicial Court further explicated the showing required to satisfy the defendant's production burden:

"defendant 'assume[s] the *burden of going forward with the evidence* of such nature and quality as to raise the issue of [heat of passion upon sudden adequate provocation] and justify a reasonable doubt' that the defendant's conduct was uncontrolled by the passion." *Id.* at 587. [Emphasis and brackets in original, citation and footnote omitted.]

Petitioner's claim that in light of *Stackpole* and *Inman* his pursuit of state remedies would be futile is unfounded. First, the trial judge's instruction on the burden of proof on manslaughter was not entirely clear—it speaks of the defendant bearing the "duty of going forward . . . to rebut the inference of malice", but, in the context of the charge as a whole and the state of Maine law at that time, might be construed as imposing the persuasion burden as well as the production burden. There is, then, an issue of the construction of the charge in this case which the Maine court has not yet adjudicated and which is not foreclosed by Maine decisions. Second, the only evidence of provocation in this case appears to be defendant's statement in his confession that he had had an argument with the deceased (defendant's employer) over a request for a raise just before he shot him. There is, then, under *Inman* and *Stackpole*, an issue of whether there was sufficient evidence of heat of passion to satisfy defendant's production burden.

Thus, since the petitioner has not exhausted available state remedies, and since the pursuit of state remedies cannot be said to be futile, the district court's denial of the writ and the certificate of probable cause was proper.